IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 13-15052-BB
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SARAH ADLETA,

Defendant-Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
_____

INITIAL BRIEF OF APPELLANT
_____

Donna Lee Elm
Federal Defender


Rosemary Cakmis
Senior Litigator

Robert Godfrey
Research and Writing Attorney
Florida Bar Number 0162795
201 South Orange Ave., Suite 300
Orlando, Florida  32801
Telephone: 407-648-6338
Facsimile: 407-648-6095
Email: robert_godfrey@fd.org
Counsel for Appellant

**Appeal No. 13-15052-BB**

***United States of America v. Sarah Adleta***

**CERTIFICATE OF INTERESTED PERSONS**

The persons listed below are interested in the outcome of this case:

Adleta, Sarah Jayne

Andrejko, Nicole M.

Bentley, III, Arthur Lee

Cakmis, Rosemary T.

Dalton, Jr., The Honorable Roy B.

Elm, Donna L.

Gable, Karen L.

Godfrey, Robert

Kelly, The Honorable Gregory J.

Langs, Stephen John

O'Neill, Robert E.

Rhodes, David Paul

Rhodes, Yvette

Sharp, The Honorable G. Kendall

Skuthan, James T.

**Appeal No. 13-15052-BB**

*United States of America v. Sarah Adleta*

**CERTIFICATE OF INTERESTED PERSONS -** *Cont'd*

Smith, III, James Wesley

Smith, The Honorable Thomas B.

Spaulding, The Honorable Karla R.

## STATEMENT REGARDING ORAL ARGUMENT

Ms. Adleta requests oral argument.

# TABLE OF CONTENTS

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C1 of 2

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of the Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      Course of Proceedings and Disposition in the Court Below . . . . . . . . . . . . . 1

      Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Argument and Citations of Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      The district court committed reversible procedural error at sentencing

      when it erroneously calculated the guideline range to be 720 months

      and then imposed what it believed to be a downward departure to 648

      months, when in fact the correct advisory guideline range was 324 to

      405 months . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

A.  The district court's misunderstanding and miscalculation

of the advisory guideline range . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B.  The district court's erroneous understanding and

calculation of the advisory guideline range requires remand

for resentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF CITATIONS

**Cases**                                                                 **Page**

*Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007) . . . . . . . . . . 9, 14, 15, 16

*United States v. Agbai*, 497 F.3d 1226 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . 9

\* *United States v. Barner*, 572 F.3d 1239 (11th Cir.2009) . . . . . . . . . . . . . . . . 15, 16

*United States v. Bonilla*, 579 F.3d 1233 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . 15

*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) . . . . . . . . . . . . . . 14

*United States v. Collins*, 915 F.2d 618 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . 16

\* *United States v. Crawford*, 407 F.3d 1174 (11th Cir. 2005) . . . . . . . . . . . . . 14, 15

*United States v. Gupta*, 572 F.3d 878 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . . 16

*United States v. Talley*, 431 F.3d 784 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . . . 15

**Statutes**

18 U.S.C. § 2251 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

**Sentencing Guidelines**

USSG § 2G2.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

USSG § 3D1.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

iv

USSG § 3D1.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

USSG § 5A, comment. (n.2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

USSG § 5G1.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12, 13, 14

USSG § 5G1.2, comment. (n.1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

USSG § 5K1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 11

## STATEMENT OF JURISDICTION

This is a direct appeal from a final judgment that was entered on October 31, 2013, in a criminal case. Doc. 49.  The United States District Court, Middle District of Florida, Orlando Division, had original jurisdiction pursuant to 18 U.S.C. § 3231. Notice of appeal was timely filed on October 31, 2013. Doc. 50. Jurisdiction now lies with this Court pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the district court committed reversible procedural error at sentencing when it erroneously calculated the guideline range to be 720 months and then imposed what it believed to be a downward departure to 648 months, when in fact the correct advisory guideline range was 324 to 405 months.

## STATEMENT OF THE CASE

### Course of Proceedings and Disposition in the Court Below

An indictment charged Sarah Adleta with two counts of using a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, which were then transmitted in interstate commerce (sexual exploitation of a minor), in violation of 18 U.S.C. §§ 2251(a) and (e). Doc. 11. She pled guilty to both charges. Docs. 26, 29, 32, 58. The court sentenced her to imprisonment for a term of 324 months on each count, to run consecutive, a total sentence of 648 months' imprisonment. Doc. 49. Ms. Adleta remains incarcerated.

### Statement of the Facts

The FBI suspected that Ms. Adleta may have been abusing her two young children and then sending pictures of that abuse to a man, Aaron Dixon, in North Carolina. Doc. 1 at 4-5 (criminal complaint). When FBI agents first spoke with Ms. Adleta on March 15, 2013, she immediately acknowledged her conduct and agreed

1

to cooperate in the investigation of Dixon. Doc. 42 (government motion for downward departure) ("defendant immediately began cooperating when law enforcement agents initially questioned her and she provided truthful information regarding her role and the role of others in the sexual exploitation of minor children"). She also assisted in the investigation of her former husband, Jonathan Adleta, who was involved in the sexual exploitation of their minor children, and she testified against him at his jury trial. Docs. 42, 64. The investigation of Jonathan Adleta, in turn, led to finding and successfully prosecuting Samantha Bryant, another person involved in the sexual exploitation of minors. Doc. 42.

Ms. Adleta was indicted on two counts of sexual exploitation of a child on April 11, 2013. Doc. 11. Barely a month later, she informed the court that the case would be resolved by way of a plea. Doc. 25. The change of plea hearing was held on May 29, 2013. Docs. 29, 58. Ms. Adleta pled guilty to both counts as charged. Doc. 32; Doc. 58 at 2, 12, 20-21, 29.

Sentencing, originally scheduled for August 6, 2013, was eventually held on October 28, 2013. Docs. 30, 33-35, 40. The Presentence Investigation Report ("PSI") prepared for the sentencing found that the two convictions could not be grouped together as they involved separate victims or harms. PSI ¶ 24. The PSI then first considered the conviction on count one, scoring it as follows:

| Base offense level | USSG § 2G2.1(a) | 32 | PSI ¶ 25 |
|---|---|---|---|
| Minor under 12 | USSG § 2G2.1(b)(1)(A) | +4 | PSI ¶ 26 |
| Offense involved commission of a sexual act or sexual contact | USSG § 2G2.1(b)(1)(B) | +2 | PSI ¶ 27 |
| Distribution | USSG § 2G2.1(b)(3) | +2 | PSI ¶ 28 |
| Offense involved material that portrays sadistic or masochistic conduct or other depictions of violence | USSG § 2G2.1(b)(4) | +4 | PSI ¶ 29 |
| Defendant was a parent | USSG § 2G2.1(b)(5) | +2 | PSI ¶ 30 |

The adjusted offense level for count one was thus 46. PSI ¶ 34.

The PSI next scored count two, applying the same calculations as on count one, with the exception that the enhancement for sadistic or masochistic conduct was not applied. PSI ¶¶ 35-39. The adjusted offense level for count two was thus 42. PSI ¶ 43.

The PSI next grouped the two counts together, resulting in a 2-level enhancement to the greater of the adjusted offense levels (the 46 for count one). PSI ¶¶ 44-47. The PSI then further enhanced the offense level by 5 levels for a pattern of activity involving prohibited sexual conduct. PSI ¶ 48. With a 3-level reduction for acceptance of responsibility, the resulting total enhanced offense

3

level was 50. PSI ¶¶ 49-51. The PSI then applied USSG § 5A, comment. (n.2)[1] and

determined the total offense level to be 43. PSI ¶¶ 52, 53.

Ms. Adleta had no prior criminal history, so her criminal history category

was I. PSI ¶¶ 54-57.

The PSI noted that the statutory maximum penalty of imprisonment on each

count was 30 years, PSI ¶¶ 78, 79, then explained why that made the advisory

guideline range 720 months:

> Based upon a total offense level of 43 and a criminal history category
> of I, the guideline imprisonment range is Life. However, since the
> guideline imprisonment range exceeds the statutory maximum, the
> guideline imprisonment range become 720 months (60 years). USSG
> 5G1.2(d).

PSI ¶ 80.[2] The PSI also noted that a departure could be warranted since the

government had indicated that it might be filing a motion pursuant to USSG §

5K1.1. PSI ¶ 97.

As the PSI indicated might happen, the government did file a motion asking

---

[1]  "An offense level of more than 43 is to be treated as an offense level of 43." USSG § 5A, comment. (n.2).

[2]  USSG § 5G1.2(d) provides: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."

the court to grant a 2-level reduction in the offense level due to Ms. Adleta's substantial cooperation. Doc. 42. The defense responded with a request to grant a departure of at least 6 levels. Doc. 45.

At sentencing, there were no objections to the guideline calculations found in the PSI. Doc. 54 at 3. The court then adopted those calculations, stating "the advisory guidelines result in a total offense level of 43, a criminal history category of I, a resultant range of imprisonment of 720 months -- that's 360 on Count One and 360 on Count Two." Doc. 54 at 4.

The court announced that, along with the PSI, it had reviewed correspondence from a person in support of Ms. Adleta, the government motion for a downward departure and the defense response, and a neuropsych evaluation that was received under seal. Doc. 54 at 7. The court then heard from two persons as part of the government's presentation, and from Ms. Adleta. Doc. 54 at 8-37.

After Ms. Adleta finished her allocution, the government asked the court to sentence Ms. Adleta to the low end of the applicable guideline range, as it had promised to do in the plea agreement. Doc. 54 at 37; *see* Doc. 32 (plea agreement). The government told the court it "has recommended a downward departure of two levels for Ms. Adleta's cooperation in this case," and explained that the 2-level departure "would put her in a range of 324 to 405 months. . . approximately a 50

5

percent reduction in her sentence." Doc. 54 at 37-38. The court said that the range "would actually be 324 to 360" months on each count because there was "a 30-year cap on each count," and the government agreed. Doc. 54 at 38.

The government repeated its request for the court to sentence Ms. Adleta "to the low end of that applicable range, which is 27 years [324 months]." Doc. 54 at 38; *id*. at 40. This exchange then ensued between the court and the prosecutor:

> THE COURT: Are you asking for 27 total as opposed to consecutive counts, consecutive?
>
> MS. GABLE: No, Your Honor. That would be the total punishment under the guidelines.
>
> THE COURT: Is the government taking a position as to whether or not the Court has discretion to impose the sentences on each count consecutively?
>
> MS. GABLE: You do have the discretion, Your Honor, yes. The Court does for sure, but, yes, based on the five levels, just looking at the guideline adjustment, we're asking the Court to sentence the defendant based on the guideline range to 27 years.
>
> THE COURT: Well, is that pursuant to the terms of your Plea Agreement?
>
> MS. GABLE: Our Plea Agreement is to recommend the low end of the applicable guideline range. Yes, it is, Your Honor.
>
> THE COURT: As I understand the guideline range, it was 720 months. That is 360 months on each count. The Court has the discretion to impose a consecutive sentence.

MS. GABLE: Your Honor, the government -- the Court does have that discretion. Pursuant to the Plea Agreement, we agreed to recommend the low end of the applicable guideline range. In this case if the Court were to grant the downward departure, that would be 27 years for total punishment.

THE COURT: All right. Well, what I want to find out from you is whether or not you think granting the 5(k) does anything with respect to my discretion under 3584?

MS. GABLE: It does not.

Doc. 54 at 40-41.

The court next heard from defense counsel in mitigation. Doc. 54 at 41-47.

The court discussed some factors that went into its sentencing decision, Doc. 54 at 47-51, then stated "I am going to grant the [USSG § 5K1.1] motion to depart downward two levels, from an offense level of 43 to an offense level of 41, which will generate a guideline range for each count of 324 to 360 months." Doc. 54 at 51. The court stated its intent:

It is my intent . . . to impose a sentence at the low end of the guidelines. However, I am going to exercise my discretion under [18 U.S.C. § 3584] to impose those sentences consecutively. I think a consecutive sentence is necessary in order to accomplish the objectives of sentencing and also to ensure that there's no disparity in sentencing in connection with the treatment of this type of offense.

So my intent is to impose a sentence of 324 months on each count, to run consecutively, for a total sentence of 648 months or 54 years followed by a lifetime of supervised release.

7

Doc. 54 at 51. Hearing no legal bar to pronouncing sentence, the court proceeded to impose the sentence it intended: "[I]t is the judgment of the Court that the defendant, Sarah Jayne Adleta, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 648 months. This term consisted of 324 months as to Count One and a consecutive term of 324 months as to Count Two." Doc. 54 at 52.

Defense counsel objected to the sentence on procedural and substantive reasonableness grounds. Doc. 54 at 59. The court stated that it had "granted the government's motion for a downward departure and adjusted the offense level to 324 months," but had "exercised my discretion to impose a consecutive sentence on Count One and Count Two because, in my judgment, that is necessary in order to achieve a sentence that is sufficient, but not greater than necessary, to carry out the objectives of sentencing." Doc. 54 at 59.

In the written statement of reasons accompanying the judgment, prepared three days after the sentencing proceeding,[3] the court indicated by the boxes it checked off that it had departed "below the advisory guideline range" due to the § "5K1.1 plea agreement based on the defendant's substantial assistance."

---

[3] Sentencing took place on October 28, 2013. The statement of reasons was signed by the judge on October 31, 2013.

## Standard of Review

The sentence imposed by the district court is reviewed for reasonableness under an abuse of discretion standard. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007); *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The Court "must first ensure that the district court committed no significant procedural error." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

## SUMMARY OF THE ARGUMENT

The district court mistakenly thought that an advisory guideline range was generated for each count, even after granting the government's motion for a downward departure. Once the government's motion was granted, though, the correct guideline range was 324 to 405 months for the "total punishment," not for each of the two counts. The court then imposed sentence based on its misperception. The court thought it was doing Ms. Adleta a favor by granting a downward departure to 648 months, when in reality it was imposing a significant upward variance/departure from the correct guideline range of 324 to 405 months. The court's significant procedural error requires a remand for resentencing because there is no indication in the record that the court intended to upwardly vary and no indication that it would have imposed the same sentence had the advisory guideline range been correctly calculated.

9

## ARGUMENT AND CITATIONS OF AUTHORITY

**The district court committed reversible procedural error at sentencing when it erroneously calculated the guideline range to be 720 months and then imposed what it believed to be a downward departure to 648 months, when in fact the correct advisory guideline range was 324 to 405 months.**

### A.    The district court's misunderstanding and miscalculation of the advisory guideline range.

The district court thought that the guideline range was 324 to 360 months **on each count**, even when taking into account the government's § 5K1.1 motion for a downward departure. Doc. 54 at 4, 38, 51. The court made its understanding explicitly clear after hearing the government's recommendation for a sentence at the low end of the applicable guideline range: "As I understand the guideline range, it was 720 months. That is 360 months **on each count**." Doc. 54 at 41 (emphasis added). When describing the sentence it intended to impose, the court stated: "I am going to grant the [USSG §  5K1.1] motion to depart downward two levels, from an offense level of 43 to an offense level of 41, which will generate a guideline range **for each count** of 324 to 360 months." Doc. 54 at 51 (emphasis added).

The court further made its understanding clear in the written statement of reasons that was prepared and signed three days after the sentencing proceeding:

10

- In part IV of the statement of reasons, the court checked off a box indicating: "The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual."

- In part V of the statement of reasons, the court checked off boxes indicating that it had departed "below the advisory guideline range" due to a "5Kl.1 plea agreement based on the defendant's substantial assistance."

- The explanation provided by the court at the end of part V was: "The Court departed two levels pursuant to USSG § 5Kl.1 to an offense level 41."

- The court did **not** check off the box in section IV, where the court can indicate that it "imposed a sentence outside the advisory sentencing guideline system."

- The court did **not** check off any boxes in section VI, where the court would indicate the reasons for any variance.

*See* Doc. 49 (Judgment, Statement of Reasons).

The district court, then, misunderstood how the guidelines should be calculated once the government's motion for a downward departure due to

11

substantial assistance was granted.[4] The original guideline calculation, prior to consideration of the government's motion, called for a guideline range of life, based on an offense level of 43 and a criminal history category of I. PSI ¶¶ 53, 57, 80.

USSG § 5G1.2 "specifies the procedure for determining the specific sentence to be formally imposed on each count in a multiple-count case." USSG § 5G1.2, comment. (n.1). "The combined length of the sentences ('total punishment') is determined by the court after determining the adjusted combined offense level and the Criminal History Category and determining the defendant's guideline range." *Id*.

Under the original guideline calculation contained in the PSI, then, the provisions of USSG § 5G1.2(d) (set out in footnote 2, *supra*) would apply. *See* PSI ¶ 80. Because "the highest statutory maximum" (30 years or 360 months) was less than "the total punishment" of life as provided by the guideline range, the sentences on each count would be the statutory maximum and they would "run consecutively." USSG § 5G1.2(d).

---

[4] The court's misperception persisted even after the government repeatedly informed the court that, after its substantial assistance motion was granted, the "low end" of the guideline range would be 27 years (324 months) and that was the "total punishment" that the government was seeking. *See* Doc. 54 at 38, 40, 41.

12

The district court, however, did not sentence Ms. Adleta pursuant to the guidelines as originally calculated. Instead, the court granted the government's motion for a downward departure, which meant that the total offense level was 41, not 43.

The advisory guideline range for an offense level of 41 and criminal history category of I is 324 to 405 months. That is the advisory range for the **total sentence**. Contrary to the district court's misunderstanding, the guidelines do not provide advisory ranges for each count of conviction. Even here, where the two counts were treated as separate groups under Chapter Three of the guidelines, *see* PSI ¶¶ 23-24, the scoring of those separate groups is then combined to determine the "total punishment." *See* USSG §§ 3D1.4, 3D1.5 ("Use the combined offense level to determine the appropriate sentence in accordance with the provisions of Chapter Five.").

Properly scored, then, Ms. Adleta's advisory guideline range after the district court granted the government's motion for a downward departure was 324 to 405 months. The advisory range was **not** for each count. Rather, the advisory range was for the "total punishment." USSG §§ 3D1.5, 5G1.2.

If the district court thought that a sentence above 360 months but within the correctly calculated advisory range was appropriate, then it could have fashioned

13

such a sentence by applying USSG § 5G1.2(d) and running the sentences on the two counts consecutively to the extent necessary to achieve the desired punishment. Any sentence above 405 months, though, would require either an upward departure or an upward variance. But the district court clearly did not think it was imposing an upward variance, and its comments at sentencing and in the subsequent written statement of reasons indicate that it thought it was imposing a downward departure. In other words, the district court thought it was doing Ms. Adleta a favor by imposing a sentence of only 648 months, rather than the 720 months that the district court thought the advisory guideline range called for. The district court was mistaken.

> **B.    The district court's erroneous understanding and calculation of the advisory guideline range requires remand for resentencing.**

Following *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the sentencing guidelines are advisory only. Nevertheless, "as was the case before *Booker*, the district court must calculate the Guidelines range accurately." *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). The guideline range is still "the starting point and the initial benchmark" in determining an appropriate sentence. *Gall*, 552 U.S. at 49, 128 S. Ct. at 596.

The first step in sentencing, then, is that "the district court must consult the

14

Guidelines and correctly calculate the range provided by the Guidelines." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Improperly calculating the guidelines range is thus a "significant procedural error." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Moreover, "[a] misinterpretation of the Guidelines by a district court effectively means that the district court has not properly consulted the Guidelines." *Crawford*, 407 F.3d at 1179 (internal quotation marks and brackets omitted).

Miscalculating the advisory guideline range renders a sentence procedurally unreasonable. *United States v. Bonilla*, 579 F.3d 1233, 1245 (11th Cir. 2009). "An error in the district court's calculation of the Sentencing Guidelines range warrants vacating the sentence, unless the error is harmless. A Sentencing Guidelines miscalculation is harmless if the district court would have imposed the same sentence without the error." *United States v. Barner*, 572 F.3d 1239, 1247–48 (11th Cir.2009) (citation omitted). A guideline calculation error is shown to be harmless if "a district judge clearly states that he would impose the same sentence, even if he erred in calculating the guidelines." *Id.* at 1248.

The district court here misinterpreted the guidelines and so miscalculated the advisory guideline range. There is no indication in the record that the court intended to vary upward if the advisory range was properly calculated to be 324 to

15

405 months.[5] The court never stated that it would impose the same sentence even if it erred in calculating a guideline range for each count, rather than a guideline range for the total punishment. A remand for resentencing should thus be ordered.[6]

_____

[5] "Moreover," the *Barner* Court explained, "even where [a district court judge] chooses to impose a sentence based on the considerations prescribed in 18 U.S.C. § 3553, he must take into account the range prescribed by the Sentencing Guidelines. *See* 18 U.S.C. § 3553(a)(4) (2006). Consequently, the Guidelines range must be calculated correctly in the first instance."

[6] The substantive reasonableness of the sentence is not discussed in this brief as the significant procedural error requires a remand:

> Because we conclude that a remand is necessary to correct procedural errors, we decline to evaluate the substantive reasonableness of Gupta's sentence. *See United States v. Collins*, 915 F.2d 618, 622 (11th Cir. 1990). "We do not know what sentence the district court will impose on remand. Thus, we would be rendering an advisory opinion if we were to pick a sentence and declare it to be reasonable." *Id.*

*United States v. Gupta*, 572 F.3d 878, 888 (11th Cir. 2009); *see also Gall*, 552 U.S. at 51, 128 S. Ct. at 597 (explaining that appellate review of the substantive reasonableness of a sentence is undertaken only if "the district court's sentencing decision is procedurally sound").

16

## CONCLUSION

For the foregoing reasons, the case should be remanded for resentencing so the district court can consider the appropriate sentence in light of the correct guideline range for the total punishment being 324 to 405 months, and the government's recommendation for a sentence at the low end of that range.

Respectfully submitted,

Donna Lee Elm
Federal Defender

Rosemary Cakmis
Senior Litigator

*s/ Robert Godfrey*
Robert Godfrey
Research and Writing Attorney
Florida Bar Number 0162795
201 South Orange Ave., Suite 300
Orlando, Florida  32801
Telephone: 407-648-6338
Facsimile: 407-648-6095
E-Mail: robert_godfrey@fd.org
Counsel for Appellant

17

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Initial Brief of Appellant and the notice of electronic filing was sent by CM/ECF on February 18, 2014, to Assistant United States Attorney David P. Rhodes.

*s/ Robert Godfrey*
Robert Godfrey