IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 13-15052-BB
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SARAH ADLETA,

Defendant-Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
_____

REPLY BRIEF OF APPELLANT
_____

**Donna Lee Elm**
**Federal Defender**


**Rosemary Cakmis**
**Senior Litigator**

**Robert Godfrey**
**Research and Writing Attorney**
**Florida Bar Number 0162795**
**201 South Orange Ave., Suite 300**
**Orlando, Florida  32801**
**Telephone: 407-648-6338**
**Facsimile: 407-648-6095**
**Email: robert_godfrey@fd.org**
**Counsel for Appellant**

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Citations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Argument and Citations of Authority. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    The district court committed reversible procedural error at sentencing when it erroneously calculated the guideline range to be 720 months and then imposed what it believed to be a downward departure to 648 months, when in fact the correct advisory guideline range was 324 to 405 months. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF CITATIONS

**Cases**                                                             **Page**

*Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 130 S. Ct. 876 (2010). . . 5

*Gall v. Unites States*, 552 U.S. 38, 128 S. Ct. 586 (2007). . . . . . . . . . . . . . . . 4, 9, 10

\*   *Peugh v. United States*, 133 S. Ct. 2072 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pugliese v. Pukka Dev. Corp.*, 550 F.3d 1299 (11th Cir. 2008). . . . . . . . . . . . . . . 5

\*   *United States v. Bonilla-Guizar*, 729 F.3d 1179 (9th Cir. 2013). . . . . . . . . . . . . . 6

*United States v. Conejo*, 512 F. App'x 928 (11th Cir. 2013). . . . . . . . . . . . . . . . 7

*United States v. Gupta*, 572 F.3d 878 (11th Cir. 2009). . . . . . . . . . . . . . . . . . 9, 10

*United States v. Hammons*, 558 F.3d 1100 (9th Cir. 2009). . . . . . . . . . . . . . . . 6, 7

*United States v. Lone Fight*, 625 F.3d 523 (8th Cir. 2010). . . . . . . . . . . . . . . . . . 5

*United States v. Madera*, 528 F.3d 852 (11th Cir. 2008). . . . . . . . . . . . . . . . . . 5, 6

\*   *United States v. Medina-Torres*, 703 F.3d 770 (5th Cir. 2012). . . . . . . . . . . . . . 6

*United States v. Ramos*, 433 F. App'x 893 (11th Cir. 2011). . . . . . . . . . . . . . . . 7

*United States v. Rutherford*, 599 F.3d 817 (8th Cir. 2010). . . . . . . . . . . . . . . . . 5

*United States v. Solano-Ramirez*, 506 F. App'x 871 (11th Cir. 2013). . . . . . . . . 7

*United States v. Turner*, 626 F.3d 566 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . 8

*United States v. Vautier*, 144 F.3d 756 (11th Cir. 1998). . . . . . . . . . . . . . . . . . 8, 9

*United States v. Young*, -- F. App'x --,

 2014 WL 22898 (11th Cir. Jan. 2, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

\*   *Yee v. Escondido,* 503 U.S. 519, 112 S. Ct. 1522 (1992). . . . . . . . . . . . . . . . . . . . . . 5

**Statutes**

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3553(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3553(c)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 3584(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Other Authorities**

USSG Ch. 5, Pt. A, Sentencing Table. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

USSG § 5K1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# ARGUMENT AND CITATIONS OF AUTHORITY

The government mistakenly describes the district court as "departing downward" when imposing a 648-month sentence. Gov't Brief at 1, 11. The government also insists that Ms. Adleta should have to prove plain error to obtain relief, Gov't Brief at 11-22, and that she should have engaged in a wasteful, unnecessary challenge to the substantive reasonableness of her sentence even though the district court's procedural error requires a remand for resentencing. Gov't Brief at 22-23. The government's contentions should be rejected.

> **The district court committed reversible procedural error at sentencing when it erroneously calculated the guideline range to be 720 months and then imposed what it believed to be a downward departure to 648 months, when in fact the correct advisory guideline range was 324 to 405 months.**

The government insists that the district court was "departing downward" when it imposed a 648-month sentence of imprisonment. Gov't Brief at 1, 11; *see also id*. at 13 ("district court . . . departed downward"). That is what the district court mistakenly thought it was doing, but that is not what was actually done. The government notes that the court "was not obligated to specify the number of levels it was departing or the resultant sentencing range." Gov't Brief at 13. Thus, the government reasons, the court granted the government's motion for a downward departure only to the extent of reducing the 720-month guidelines sentencing

1

range by six years.

The government's argument is not consistent with the fact that the district court **did** specify the number of levels it was departing and **did** specify the sentencing range it thought resulted from the departure. Doc. 54 at 51 ("I am going to grant the [5K1.1] motion to depart downward two levels, from an offense level of 43 to an offense level of 41, which will generate a guideline range for each count of 324 to 360 months.").[1] An offense level of 41, combined with a criminal history category of I, however, does **not** result in a sentencing range "for each count." It results in one overall sentencing range of 324 to 405 months.

Once the sentencing range following the granting of the motion for a downward departure is correctly calculated, it is clear that the 648-month sentence imposed by the court must be considered either an upward variance or an upward departure. More significantly, it also makes it clear that the district court plainly erred when calculating the advisory guidelines sentencing range, thus committing significant procedural error.

The government claims that Ms. Adleta wants this Court to assume this and assume that. Gov't Brief at 14. Not so. Ms. Adleta first wants this Court to take the

---

[1] Contrary to the government's assertion on page 15 of its brief, the court did not say that it intended a guideline range of 324-405 months on each count.

2

district court at its word, nothing more. The district court announced it was granting a two-level downward departure, from an offense level of 43 to an offense level of 41. Doc. 54 at 51.[2]

Then Ms. Adleta wants this Court to find that the district court was mistaken in its calculation of the revisedسentencing range following its decision to grant a two-level downward departure. No assumptions are necessary to do this. The Sentencing Table in the Guidelines Manual tells us that the range for a 41/I is 324 to 405 months, not 324 to 360 months on each count as the district court erroneously stated.

Finally, Ms. Adleta wants this Court to put the two just-discussed facts together as they show that the district court committed clear procedural error when it incorrectly determined the revised guidelines sentencing range.

The government correctly notes that the district court never suggested it was varying upward. Gov't Brief at 9, 16. That fact, however, does not insulate the

---

[2] Contrary to the government's assertion, there was nothing "unclear about the extent of the section 5K1.1 departure" the district court was granting. Gov't Brief at 15. It was a two-level departure. Doc. 54 at 51; *see also* Statement of Reasons at 2 ("The Court departed two levels pursuant to USSG §5Kl.1 to an offense level 41."). Likewise, the government is mistaken when it asserts that "the district court did not depart down to 324-405 months; it departed down to 648 months." Gov't Brief at 16. An offense level of 41, the offense level the court specifically stated it was departing to, results in an advisory sentencing range of 324 to 405 months, not some range above 648 months.

court's sentencing procedure from review. Quite the opposite. The court's significant procedural error is highlighted by the fact that the district court did not recognize that its 648-month sentence was a huge upward variance from the sentencing range as properly determined following the granting of the motion for a downward departure.

The government claims that Ms. Adleta has not shown that the district court's decision to impose consecutive sentences was plainly erroneous. Gov't Brief at 17. The correctly calculated advisory sentencing range is still the starting point for **all** sentencing decisions, *Gall v. Unites States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596 (2007), including whether to impose consecutive sentences. *See Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) ("The post-*Booker* federal sentencing scheme aims to achieve uniformity by ensuring that sentencing decisions are anchored by the Guidelines . . . Indeed, the rule that an incorrect Guidelines calculation is procedural error ensures that they remain the starting point for every sentencing calculation in the federal system"). The court must consider the factors set out in 18 U.S.C. § 3553(a) when deciding whether to impose concurrent or consecutive sentences. 18 U.S.C. § 3584(b). One of those section 3553(a) factors is the sentencing range established by the guidelines. 18 U.S.C. § 3553(a)(4). A decision to impose consecutive sentences based on an

4

incorrectly calculated sentencing guideline range is thus procedurally unreasonable as it is based on an incorrect starting point.[3]

The government insists that Ms. Adleta has not demonstrated plain error. Ms. Adleta, though, need not demonstrate plain error because she preserved the issue below by objecting to the procedural reasonableness of her sentence. Doc. 54 at 59. The argument made here simply enlarges the argument made below. *See Yee v. Escondido,* 503 U.S. 519, 534, 112 S. Ct. 1522, 1532 (1992) ( "Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below."); *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 330-31, 130 S. Ct. 876, 893 (2010) (same); *Pugliese v. Pukka Dev. Corp.*, 550 F.3d 1299, 1304 n.3 (11th Cir. 2008) ("Although new claims or issues may not be raised, new *arguments* relating to preserved claims may be reviewed on appeal."); *United States v.*

---

[3] The government relies on two cases from the Eighth Circuit, Gov't Brief at 17, but the advisory sentencing range in each of those cases was correctly calculated, unlike here. *See United States v. Rutherford*, 599 F.3d 817, 819 (8th Cir. 2010) ("The parties agreed that the Sentencing Guidelines range for each offense was 37 to 46 months' imprisonment, which the district court accepted."); *id.* at 821 ("Here, the district court considered the Guidelines range, which the parties agreed was properly calculated to be between 37 to 46 months."); *United States v. Lone Fight*, 625 F.3d 523, 524 (8th Cir. 2010) ("the parties did not dispute the calculation of the advisory guideline range"). The courts in both of those cases thus began from the correct starting point when determining the sentence, unlike here.

5

*Madera*, 528 F.3d 852, 854 n.1 (11th Cir. 2008) (same).

In any event, Ms. Adleta can demonstrate plain error warranting relief. There is error – the district court stated it was departing to an offense level of 41, then erroneously stated that its departure would yield a sentencing range for each count of 324 to 360 months. The error is plain – a cursory review of the Sentencing Table shows that the actual sentencing range based on an offense level of 41 was 324 to 405 months for both counts together.

The third and fourth prongs of plain error review are also satisfied. "[W]hen a sentencing judge incorrectly calculates the Guidelines range, potentially resulting in the imposition of a greater sentence, the error affects the defendant's substantial rights and the fairness of the judicial proceedings." *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1188 (9th Cir. 2013) (internal quotation marks omitted); *United States v. Medina-Torres*, 703 F.3d 770, 778 (5th Cir. 2012) ("where the incorrectly applied sentencing range is greater than and does not overlap with the correct range, the district court's error necessarily affects the defendant's substantial rights") (internal ellipsis, brackets, and quotation marks omitted). Plain error relief has been held to be appropriate when the district court's incorrect calculation of the appropriate guideline range could have "led the district court to impose an additional one month of imprisonment." *United States v.*

6

*Hammons*, 558 F.3d 1100, 1106 (9th Cir. 2009).

Here, of course, the effect of the error is potentially much, much greater. The government below recommended a 324-month sentence. The district court doubled that. Had the court correctly calculated the revised guidelines sentencing range after granting the motion for a downward departure, the court may have imposed a much lower sentence. The statement of reasons filed by the court three days after the sentencing provides further evidence of this possibility. The court indicated it was departing "below the advisory guideline range" following its departure "to an offense level 41." Statement of Reasons at 2.[4] The sentence may

---

[4] Relying on language from *United States v. Solano-Ramirez*, 506 F. App'x 871, 875 n.2 (11th Cir. 2013), the government speculates whether the Statement of Reasons is even part of the record on appeal. Gov't Brief at 15. It would appear obvious that a statutorily-mandated written document should be considered a part of the record below. *See* 18 U.S.C. § 3553(c)(2) (requiring court, when imposing sentence outside the advisory guideline range, to state "the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in a statement of reasons form"). Another panel of this Court recently "remand[ed] to the district court with instructions to update the statement of reasons to conform to the court's oral findings at sentencing." *United States v. Young*, -- F. App'x --, 2014 WL 22898, at *1 (11th Cir. Jan. 2, 2014). The Court couldn't do that if the written statement of reasons was not part of the record on appeal. *See also United States v. Conejo*, 512 F. App'x 928, 930, 931 (11th Cir. 2013) (relying, in part, on written statement of reasons to uphold variance and to understand how district court calculated criminal history score); *United States v. Ramos*, 433 F. App'x 893, 897 (11th Cir. 2011) (explaining that, when "a district court imposes a sentence that is outside the defendant's guideline range, the court must include a written explanation of the defendant's sentence as part of the written judgment. 18 U.S.C. § 3553(c)(2). The purpose of § 3553(c)(2) is to allow

7

well have been different had the court known it was really varying upward by 100 percent.[5]

Had the court known it was, in fact, doubling the low end of the correctly-calculated advisory guideline range, its sentence may well have been different. Given the onerous 54-year sentence imposed on Ms. Adleta, the district court should be allowed to decide the proper sentence with a clear understanding that its starting point is the correctly calculated guidelines sentencing range of 324 to 405 months. Put another way, this Court should not affirm the 648-month sentence based on the speculative possibility that the same sentence would be imposed on remand.[6]

The government relies on *United States v. Vautier*, 144 F.3d 756 (11th Cir.

---

for meaningful appellate review of a sentence."); *United States v. Turner*, 626 F.3d 566, 571 (11th Cir. 2010) (describing district court's explanation, in its written Statement of Reasons, for imposing upward variance sentence).

[5] The government's observation that the district court "never suggested that it was varying upward," Gov't Brief at 9, 15-16, is unremarkable. Of course the district court never suggested that. It never thought it was doing that. This is all the more reason for a remand for resentencing. In this case, ignorance is not bliss. If the district court is going to impose a 648-month sentence, it should do so with the awareness that it is really imposing a significant upward variance from the correctly calculated revised guidelines sentencing range.

[6] Where decades of a person's life are at stake, it is not correct to say that a remand would be "futile" or "wasteful." Gov't Brief at 21.

1998), which it claims involved "a similar discrepancy . . . (between what the court said and what the court did)." Gov't Brief at 13. The obvious difference is that, there, the parties did not address the discrepancy between the court's granting of a two-level downward departure, "which should have resulted in an offense level of 36 and sentencing guideline range of 188 to 235 months," and its actual imposition of "a sentence of 120 months." *Id*. at 757 n.1. Thus, "for purposes of [the] appeal," this Court assumed that the district court really had granted a larger downward departure to reach the 120-month sentence it imposed. *Id*. Here, of course, Ms. Adleta is directly challenging the discrepancy between what the district court said and what it did. *Vautier* is not controlling, and an assumption based upon a lack of controversy is not persuasive of anything.

Finally, the government's objection to Ms. Adleta not challenging the substantive reasonableness of her sentence at this stage is baffling. Gov't Brief at 22-23. In her initial brief, Ms. Adleta cited to controlling authority (*Gall*, 552 U.S. at 51, 128 S. Ct. at 597; *United States v. Gupta*, 572 F.3d 878, 888 (11th Cir. 2009)) demonstrating that this Court will not – can not lest it render an advisory opinion – review the substantive reasonableness of a sentence when a remand is required due to procedural error. Initial Brief at 16 n.6. The government's insistence that Ms. Adleta "was obligated" to raise a substantive reasonableness

9

argument, Gov't Brief at 22, would require an unnecessary waste of time, money, and resources to address an issue that this Court can not address, assuming it finds procedural error. Tellingly, the government cites to no authority contradicting *Gupta* or *Gall*. It remains to be seen what sentence the district court will impose upon remand, but Ms. Adleta should not have to challenge the substance of her sentence until it is first arrived at through the proper procedure.

## CONCLUSION

For the foregoing reasons, as well as those stated in the initial brief, the case should be remanded for resentencing so the district court can consider the appropriate sentence in light of the correct guidelines sentencing range for the total punishment being 324 to 405 months, and the government's recommendation for a sentence at the low end of that range.

Respectfully submitted,

Donna Lee Elm
Federal Defender

Rosemary Cakmis
Senior Litigator

*s/ Robert Godfrey*
Robert Godfrey
Research and Writing Attorney
Florida Bar Number 0162795
201 South Orange Ave., Suite 300
Orlando, Florida  32801
Telephone: 407-648-6338
Facsimile: 407-648-6095
E-Mail: robert_godfrey@fd.org
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply Brief of Appellant and the notice of electronic filing was sent by CM/ECF on April 10, 2014, to Assistant United States Attorney David P. Rhodes.

*s/ Robert Godfrey*
Robert Godfrey