# BRIEF FILED UNDER SEAL

## No. 13-15052-BB

In the

### United States Court of Appeals for the Eleventh Circuit

*U.S. COURT OF APPEALS RECEIVED CLERK*
*MAR 25 2014*
*ATLANTA, GA*

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

APR 1 6 2014

JOHN LEY
CLERK

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SARAH ADLETA,

*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 6:13-CR-74-ORL-37GJK

## BRIEF OF THE UNITED STATES

A. LEE BENTLEY, III
United States Attorney

MICHELLE THRESHER TAYLOR
Assistant United States Attorney
Appellate Division

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division
Florida Bar No. 438741
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000

March 24, 2014

*United States v. Sarah Adleta*
No. 13-15052-BB

**Certificate of Interested Persons
and Corporate Disclosure Statement**

In addition to the persons identified in the certificate of interested

persons and corporate disclosure statement in Sarah Adleta's principal brief,

the following persons have an interest in the outcome of this case:

1.    Minor victims whose identities are being protected; and

2.    Thresher Taylor, Michelle, Assistant United States Attorney.[*]

---

[*]This person is being added to the United States' initial Certificate
of Interested Persons and Corporate Disclosure Statement.

C-1 of 1

## Statement Regarding Oral Argument

The United States does not request oral argument, as the record is minimal and the parties' principal briefs fully address the issues on appeal. *See* Fed. R. App. P. 34(a)(2)(C); 11th Cir. R. 34-3(b)(3).

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement ........ C-1

Statement Regarding Oral Argument ................................................................. i

Table of Contents........................................................................................... ii

Table of Citations.......................................................................................... iii

Statement of Jurisdiction ............................................................................... vi

Statement of the Issue ..................................................................................... 1

Statement of the Case...................................................................................... 1

    *Course of Proceedings* ................................................................................. 1

    *Statement of the Facts* ............................................................................... 2

    *Standard of Review* .................................................................................. 8

Summary of the Argument .............................................................................. 9

Argument and Citations of Authority............................................................ 11

    The district court did not err, plainly or otherwise, in departing
    downward and sentencing Adleta to 648 months' imprisonment,
    and, in any event, Adleta has not demonstrated that the asserted
    error prejudiced her or that this Court should exercise its discretion
    and grant relief.................................................................................... 11

Conclusion ................................................................................................... 24

Certificate of Service

ii

# Table of Citations

## Cases

*Gall v. United States,*
  552 U.S. 38, 128 S. Ct. 586 (2007) ............................................................. 18

*Sommer Corp. v. Panama Canal Co.,*
  475 F.2d 292 (5th Cir. 1973) ...................................................................... 14

*United States v. Barner,*
  572 F.3d 1239 (11th Cir. 2009) ................................................................... 20

*United States v. Dominguez Benitez,*
  542 U.S. 74, 124 S. Ct. 2333 (2004) .......................................................... 21

*United States v. Dortch,*
  696 F.3d 1104 (11th Cir. 2012), *cert. denied,* 133 S. Ct. 993 (2013).........16, 17

*United States v. Fiallo-Jacome,*
  874 F.2d 1479 (11th Cir. 1989) ................................................................... 23

*United States v. Goss,* 499 F. App'x 915 (11th Cir. 2012),
  *cert. denied,* 134 S. Ct. 259 (2013) ............................................................ 15

*United States v. Hernandez,*
  435 F. App'x 873 (11th Cir. 2011) ........................................................16, 17

*United States v. Johnson,*
  732 F.3d 109 (2d Cir. 2013).......................................................................... 13

*United States v. Levy,*
  416 F.3d 1273 (11th Cir. 2005).................................................................... 22

*United States v. Lone Fight,*
  625 F.3d 523 (8th Cir. 2010) ...................................................................... 17

*United States v. Massey,*
  443 F.3d 814 (11th Cir. 2006)......................................................................... 9

*United States v. Patterson*,
  595 F.3d 1324 (11th Cir. 2010) ............................................................ 8, 21

*United States v. Rodriguez*,
  398 F.3d 1291 (11th Cir. 2005) ...........................................................19, 20

*United States v. Rutherford*,
  599 F.3d 817 (8th Cir. 2010) ...............................................................17, 18

*United States v. Smiley*,
  356 F. App'x 302 (11th Cir. 2009) ........................................................ 13

*United States v. Solano-Ramirez*,
  506 F. App'x 871 (11th Cir. 2013) ........................................................ 15

*United States v. Twentieth Century Fox Film Corp.*,
  926 F.2d 227 (2d Cir. 1991)................................................................... 23

*United States v. Vautier*,
  144 F.3d 756 (11th Cir. 1998)...........................................................13, 14

**Statutes**

18 U.S.C. § 2251(a) ....................................................................................1

18 U.S.C. § 2251(e) ....................................................................................1

18 U.S.C. § 3231 ....................................................................................... vi

18 U.S.C. § 3553(a) ..........................................................................6, 11, 18

18 U.S.C. § 3584 .............................................................................6, 17, 18

18 U.S.C. § 3584(a) ................................................................................. 17

18 U.S.C. § 3584(b) ................................................................................. 17

18 U.S.C. § 3742(a) .................................................................................. vi

iv

28 U.S.C. § 1291 ................................................................... vi

**Rules**

Fed. R. App. P. 4(b) ............................................................. vi

**Other Authorities**

USSG §5G1.1(a) .................................................................. 12

USSG §5G1.2(d) .................................................................... 4

USSG §5G1.2, comment. (n.3(B)) ...................................... 12

USSG §5K1.1 ........................................................4, 8, 12, 15, 16

## Statement of Jurisdiction

This is an appeal from a final judgment of the United States District Court for the Middle District of Florida in a criminal case. That court had jurisdiction. *See* 18 U.S.C. § 3231. The court entered judgment against Sarah Adleta on October 31, 2014, Doc. 49, and Adleta timely filed a notice of appeal that same day, Doc. 50. *See* Fed. R. App. P. 4(b). This Court has jurisdiction over this appeal, *see* 28 U.S.C. § 1291, including authority to examine Adleta's challenge to her sentence, *see* 18 U.S.C. § 3742(a).

## Statement of the Issue

Whether the district court plainly erred in departing downward and sentencing Adleta to 648 months' imprisonment, and whether, in any event, Adleta has demonstrated that the asserted error prejudiced her or that this Court should exercise its discretion and grant relief.

## Statement of the Case

Calling Sarah Adleta's crimes "among the most horrific that the Court has seen," Doc. 54 at 48, the district court rejected the prosecutor's recommendation for a 27-year sentence and instead imposed consecutive 27-year sentences for Adleta's crimes of producing and distributing child pornography. On appeal, Adleta argues for the first time that the court erroneously calculated her sentence when it granted the United States' substantial-assistance motion, and that it then inadvertently varied upward to the 54-year sentence that it imposed.

### *Course of Proceedings*

In April 2013, a federal grand jury in Orlando returned a two-count indictment charging Sarah Adleta with having produced child pornography and transmitted it in interstate commerce, in violation of 18 U.S.C. § 2251(a) and (e). Doc. 11.

1

In May 2013, Adleta pleaded guilty to both counts pursuant to a plea agreement. Docs. 29, 32.

In October 2013, the district court sentenced Adleta to serve 54 years' imprisonment (27 years on each count, to be served consecutively). Doc. 49. (The details of that sentencing, which underlie Adleta's sole issue on appeal, are set forth in the *Statement of Facts* below.) This appeal followed. Doc. 50.

### Statement of the Facts

In 2012, Sarah Adleta began taking photographs of her naked three-year-old daughter and transmitting them to a friend, Aaron Dixon, in North Carolina. October 17, 2013, Presentence Investigation Report (PSR) ¶ 11. She also performed sex acts on her daughter, which she transmitted to Dixon live via the Skype internet service. PSR ¶ 11. During those live transmissions, Adleta licked her daughter's vagina two or three times, and she used her finger to penetrate her daughter's vagina twice. PSR ¶ 11. (Once, Adleta gave her daughter a small amount of rum to drink, in an attempt to keep her finger from hurting her daughter as she inserted it. PSR ¶ 11.) Adleta emailed to Dixon photos that she took during the sex acts. PSR ¶ 13.

Adleta also performed oral sex on her two-year-old son, and she shared that act with Dixon via Skype as she was doing it. PSR ¶¶ 11, 12.

2

In March 2013, the FBI received information about Adleta and Dixon, and agents met with her. PSR ¶¶ 8, 9. She admitted that she had sexually abused her young children and that she had shared those acts with Dixon. PSR ¶ 11. She allowed the agents access to her email account, where they found three photos of her daughter that Adleta had emailed to Dixon. PSR ¶ 14. In all three, the child's vagina is clearly visible; in one of them, Adleta is inserting her tongue into the child's mouth. *Id.* In a fourth photo, her two-year-old son is shown inserting a dildo into Adleta's vagina. *Id.*

Although the charges in this case concern only the child sexual abuse that Adleta committed with Dixon, Adleta previously had allowed her then-husband, Jonathan Adleta, to sexually molest the children. *See* Doc. 54 at 32, 35–36, 39.

Adleta entered into a plea agreement, which explained that she faced a sentence of 15 years' to life imprisonment on each count. Doc. 32 at 1. The United States agreed to recommend a sentence at the low end of the guidelines range calculated by the district court, and Adleta acknowledged that the recommendation would not bind the court. Doc. 32 at 4. Adleta recognized in the plea agreement that the court "is neither a party to nor bound by this agreement," that "the sentence will be determined solely by the Court," that "any recommendations by the government are not binding on the Court, and

3

that, should any recommendations be rejected, [she] will not be permitted to withdraw" her guilty plea. Doc. 32 at 15.

The United States Probation Office prepared a presentence investigation report, in which it calculated a total offense level of 43 and a criminal-history category of I, which resulted in a guidelines sentence of life imprisonment. PSR ¶ 80. (Level 43 is the highest offense level under the guidelines; Adleta's offense level would have been 50 otherwise. PSR ¶ 51.) But, because Adleta faced a statutory maximum sentence of sixty years' imprisonment (thirty years on each count), her guidelines sentence became sixty years instead. *Id.; see* USSG §5G1.2(d).

As anticipated, the United States filed a motion under USSG §5K1.1 to account for Adleta's substantial assistance. Doc. 42. (Adleta had assisted authorities in the prosecutions of Dixon, Jonathan Adleta, and a third person. Doc. 42.) The United States requested that the court depart downward two levels from Adleta's offense level. Doc. 42.

At sentencing, a mental health counselor who had treated Adleta's daughter testified that her daughter is "very traumatized." Doc. 54 at 24. She is withdrawn, has overtly sexualized behavior, has violent tantrums, has limited speech, and, at four years old, had a developmental age of two. Doc. 54 at 14–20. As a result of these problems, she had to be removed from the family with

4

whom she had been placed, and she likely will need therapy intermittently for the rest of her life. Doc. 54 at 22–23.

Adleta's father spoke and asked the court to disregard the United States' recommendation and sentence Adleta to the statutory maximum, in light of what she had done to her children and what she had allowed her ex-husband to do to her children. Doc. 54 at 31–34.

Adleta also spoke. Doc. 54 at 34–37.

The prosecutor asked the court to depart downward due to Adleta's assistance. Doc. 54 at 37. She noted Adleta's 720-month (60-year) guidelines sentence and asked the court instead to use a range of 324–360 months, which would give Adleta "approximately a 50 percent reduction in her sentence," and to sentence her at the low end of that range (324 months' (27 years') imprisonment). Doc. 54 at 37–38.

The prosecutor stated that it is hard to imagine a more serious crime and that Adleta had "engaged in a pattern of abusing them in the most horrific ways possible." Doc. 54 at 38–39. She pointed out that, even though Adleta's ex-husband may have "brought her into this sickening world, … once he was out of her life and she was divorced, she then moved on, met up with another pedophile and continued to abuse her children, viewing them as objects to satisfy her own deviant sexual needs and those of others." Doc. 54 at 39. She

5

recounted the lifelong harm that the children will suffer as a result of the abuse and pointed out that the abuse was heightened by the fact that their own mother had perpetrated it and had done so for almost all of their young lives. *Id.* The prosecutor added that Dixon had told Adleta that Dixon was raping his own four-year-old child, but she had done nothing about that. Doc. 54 at 40.[1]

The district court then asked the prosecutor if she was seeking a total sentence or consecutive sentences of 27 years, and the prosecutor responded that the United States was recommending a "total punishment" of 27 years. *Id.* When the court asked whether it had the discretion "to impose the sentences on each count consecutively," the prosecutor agreed that the court did have that discretion. Doc. 54 at 40–41. The court then announced that its granting of the substantial-assistance motion would have no effect on its discretion to impose consecutive sentences under 18 U.S.C. § 3584. Doc. 54 at 41.

Adleta's counsel then spoke. Doc. 54 at 41–47. The district court took a short recess before returning to pronounce sentence. Doc. 54 at 47.

The court addressed the sentencing factors of 18 U.S.C. § 3553(a), Doc. 54 at 47–51. The court pointed out that Adleta's "crimes are certainly among the most horrific that the Court has seen." Doc. 54 at 48. The court discussed

---

[1]The transcript states, incorrectly, that Dixon had been raping *her* four-year-old child. Doc. 54 at 40; *see* PSR ¶ 8.

6

the immense harm to the children, remarking that "the nature and circumstances of the offense are difficult to overstate." Doc. 54 at 49. The court recognized Adleta's assistance to law enforcement authorities and her psychological problems, but also recognized the need for the sentence "to adequately and reasonably reflect the seriousness of the offense and to promote just punishment for the offense and to provide a deterrence to criminal conduct." Doc. 54 at 48, 50.

The court "granted[ed] the 5K1.1 motion to depart downward two levels, from an offense level of 43 to an offense level of 41, which will generate a guideline range for each count of 324 to 360 months." Doc. 54 at 51. It stated its intention "to impose a sentence at the low end of the guidelines [but] exercise[d its] discretion under 18 U.S.C. [§] 3584 to impose those sentences consecutively." *Id.* It deemed consecutive sentences "necessary in order to accomplish the objectives of sentencing and also to ensure that there's no disparity in sentencing in connection with the treatment of this type of offense." *Id.* The court thus "impose[d] a sentence of 324 months on each count, to run consecutively, for a total sentence of 648 months or 54 years followed by a lifetime of supervised release." *Id.*

Adleta objected to the sentence "on procedural and substantive reasonableness grounds," pointing out the parties' intention "to have sentences

7

somewhere in the range of 27 years." Doc. 54 at 59. She recognized,

"obviously, that the court has discretion" but asserted nonetheless "that the

sentence is excessive." *Id.*

The district court responded by explaining that it had granted the United

States' section 5K1.1 motion but still considered the consecutive sentences

necessary, in its judgment, "to achieve a sentence that is sufficient, but not

greater than necessary, to carry out the objectives of sentencing." *Id.*

### *Standard of Review*

Because Adleta did not object to the sentence on the ground she now

asserts on appeal, this Court should review her argument only for plain error

warranting relief. *See United States v. Patterson*, 595 F.3d 1324, 1326 (11th Cir.

2010) (plain-error review applies to unpreserved procedural-unreasonableness

arguments). To obtain relief, she must show: (1) an error; (2) that is plain; (3)

that affects her substantial rights; and (4) that seriously affects the fairness,

integrity, or public reputation of judicial proceedings. *Id.*

Adleta argues on appeal that the district court "erroneously calculated

the guideline range to be 720 months and then imposed what it believed to be a

downward departure to 648 months, when in fact the correct advisory

guideline range was 324 to 405 months." Adleta's brief at 10 (Argument

heading). In the district court, though, she did not assert that the court had

8

miscalculated the guidelines or that the court had mistakenly or inadvertently varied upward. *See* Doc. 54. Nor did she ask the court to clarify its sentence. She instead objected only on the ground that the parties had intended "to have sentences somewhere in the range of 27 years" and that, even though "the court has discretion," "the sentence is excessive." Doc. 54 at 59. She couched that excessive-sentence statement as an objection "on procedural and substantive reasonableness grounds," *id.*, but that generic objection does not preserve the anything-but-generic issue that she now asserts on appeal. *See United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) ("[F]or a defendant to preserve an objection to her sentence for appeal, she must raise that point in such clear and simple language that the trial court may not misunderstand it. When the statement is not clear enough to inform the district court of the legal basis for the objection, we have held that the objection is not properly preserved.") (citation and internal quotation marks omitted).

## Summary of the Argument

The district court did not err, let alone plainly err, at sentencing. The court departed downward six years, in recognition of Adleta's substantial assistance, and imposed a 648-month sentence for her heinous, life-sentence-worthy crimes. Although Adleta construes the sentence as an upward variance, the court never suggested that it was varying upward. Rather, the court

9

exercised its statutory discretion to impose consecutive 324-month sentences, which it described as encompassing a substantial-assistance downward departure, not an upward variance. In any event, any ambiguity as to whether it was a variance does not call for a finding of plain error; to the contrary, any lack of clarity precludes such a finding.

But even if the district court did vary upward here, as Adleta argues, Adleta has not shown that the court committed plain error warranting reversal. The court was authorized to vary upward (or downward) if it determined that the case called for it. The court understandably determined that this case called for a 54-year sentence, as it explained at length. The resultant sentence does not exceed the statutory-maximum 60-year sentence, and Adleta has not challenged the substantive reasonableness of her sentence.

Furthermore, Adleta has not shown that the asserted error prejudiced her substantial rights. The district court made very clear that the sentence it imposed was necessary in this case, and nothing in the record suggests—let alone demonstrates—that the court would have imposed a lesser sentence in the absence of the asserted error.

Finally, even if there were plain error here, this Court's discretion should counsel against a remand because the asserted error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. The district

10

court understandably called Adleta's crimes among the most horrific it had

ever seen and fully explained why the 18 U.S.C. § 3553(a) factors necessitated

a 54-year sentence. Had Adleta complained at sentencing about how the court

had structured her sentence, the court could have explained itself further. But a

remand now, so the court can impose the same, lawful sentence, would be

wasteful, futile, and inconsistent with the stringent principles governing plain-

error review.

## Argument and Citations of Authority

**The district court did not err, plainly or otherwise, in departing downward and sentencing Adleta to 648 months' imprisonment, and, in any event, Adleta has not demonstrated that the asserted error prejudiced her or that this Court should exercise its discretion and grant relief.**

Adleta argues that the district court "committed reversible procedural

error at sentencing when it erroneously calculated the guidelines range to be

720 months and then imposed what it believed to be a downward departure to

648 months, when in fact the correct advisory guideline range was 324 to 405

months." Adleta's brief at 10. Adleta is incorrect in her interpretation of what

the court did at sentencing, in her assertion that the court committed reversible

procedural error, and in her disregard of the plain-error standard of review. She

has not demonstrated that the court erred, that the asserted error is plain, that

the asserted error prejudiced her substantial rights, or that the asserted error so

11

seriously affected the fairness, integrity, or public reputation of judicial proceedings that this Court's intervention is warranted. This Court should affirm her sentence.

Adleta's sentencing guidelines range was life imprisonment. *See* PSR ¶ 80. But because her statutory maximum sentence was sixty years' imprisonment (thirty years on each count), her guidelines sentence was sixty years. *See id.*; *see also* USSG §§5G1.1(a), 5G1.2, comment. (n.3(B)). Adleta agrees that sixty years was her pre-departure sentence. Adleta's brief at 12.

At sentencing, the district court granted the United States' section 5K1.1 motion. The court stated that it was "going to grant the [section 5K1.1] motion to depart downward two levels, from an offense level of 43 to an offense level of 41, which will generate a guideline range for each count of 324 to 360 months." Doc. 54 at 51. The court granted the motion with the explicit and immediate pronouncement that it was doing so with the intention of imposing consecutive sentences on the two counts. *See* Doc. 54 at 40–41, 51, 59. And, as mentioned just above, it described its granting of the motion as generating "a guideline range *for each count* of 324 to 360 months." Doc. 54 at 51 (emphasis added). The court, in other words, intended to grant the United States' motion, but only so as to reduce Adleta's sentencing range from 720 months to 648

12

months (324 months *for each count*, see Doc. 54 at 51, to be served consecutively).

The district court, therefore, departed downward six years based on the United States' motion. The court was not obligated to specify the number of levels it was departing or the resultant sentencing range. *See United States v. Smiley*, 356 F. App'x 302, 306 (11th Cir. 2009) ("§ 5K1.1 merely instructs the district court to determine an 'appropriate reduction,' leaving the district court free to express that reduction as a percentage, a flat number of months or a number of offense levels.") (citing *United States v. Lindsey*, 556 F.3d 238, 245–46 (4th Cir. 2009)); *accord United States v. Johnson*, 732 F.3d 109, 112 n.3 (2d Cir. 2013).

Although the district court departed downward six years from Adleta's guidelines sentence, the United States had requested a two-level reduction and the district court itself had described the motion that it granted as a two-level departure. *See* Doc. 54 at 51. When faced with a similar discrepancy before (between what the court said and what the court did), this Court assumed that the sentencing court had granted the substantial-assistance departure that comported with the sentence it imposed, rather than assuming that the court had departed as stated but then inexplicably imposed a different sentence. *See United States v. Vautier*, 144 F.3d 756, 757 n.1 (11th Cir. 1998). In *Vautier*, the

13

district court had granted the United States' motion for a two-level downward departure, which should have resulted in an offense level of 36 and a sentencing range of 188–235 months, but the court imposed a sentence of 120 months. This Court stated: "the parties do not address this discrepancy and assume the court imposed an eight-level downward departure for substantial assistance[, so] for purposes of this appeal, we assume that the court granted an eight-level downward departure for substantial assistance, arriving at a total offense level of 30." *Id.* This Court, in other words, assumed that the district court had departed eight levels because the sentence it imposed was eight levels below the pre-departure sentencing range. *See Sommer Corp. v. Panama Canal Co.*, 475 F.2d 292, 297 (5th Cir. 1973) ("pudding's proof is in the eating").

Here, however, Adleta wants this Court to do the opposite. She wants this Court to assume that the district court granted a two-level substantial-assistance departure and departed downward *33 years*, to a total punishment of 27 years' imprisonment, and to also assume that the district court then varied (or departed) upward *27 years*, to the 54-year sentence that it imposed. And she wants this Court to assume this even though the district court gave no indication that it was varying upward.

The district court never once stated at sentencing that it was varying (or departing) upward. *See* Doc. 54. Indeed, Adleta herself never suggested at

14

sentencing that the court was varying upward or had varied upward. *See id.* She never objected to the court's supposed upward variance, of course. And the court's Statement of Reasons, on which Adleta relies, Adleta's brief at 10–11, likewise confirms that the court did not vary (or depart) upward. *See* Statement of Reasons, Part VI.[2]

The district court granted the United States' motion and departed downward from the guidelines sentence of 720 months' imprisonment to 648 months' imprisonment. Adleta has not argued, let alone shown, that the district court erred, plainly or otherwise, in sentencing her as it did.

At most, Adleta has shown that the district court was unclear about the extent of the section 5K1.1 departure it was granting and therefore how much of her lawful, 54-year sentence was attributable to that departure. (As discussed above, the court stated that it was departing downward two levels, to an offense level of 41, yet the court also stated that it intended a guideline range of 324–405 months on each count, and it imposed that 648-month sentence

---

[2]Although Adleta cites to and relies on the district court's Statement of Reasons, it is unclear whether that document is part of the record on appeal. *Compare United States v. Solano-Ramirez*, 506 F. App'x 871, 875 n.2 (11th Cir. 2013) (declining to consider court's statement of reasons because it "is not part of the record on appeal"), *with United States v. Goss*, 499 F. App'x 915, 916 (11th Cir. 2012) (relying in part on statement of reasons to determine that court had varied, rather than departed, from the guidelines range), *cert. denied*, 134 S. Ct. 259 (2013). Regardless, the court's Statement of Reasons does not establish that the court plainly erred here.

without ever suggesting that the sentence was an upward variance.) Any lack of clarity, however, is the antithesis of plain error. *See United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012) ("For a plain error to have occurred, the error must be one that is obvious and is clear under current law."), *cert. denied*, 133 S. Ct. 993 (2013). Adleta has not demonstrated plain error here. *See, e.g., United States v. Hernandez*, 435 F. App'x 873, 877 (11th Cir. 2011) (Because the record was unclear whether the court had departed upward or varied upward, "[a]t a minimum, given our plain error review, Antonio–Hernandez has not carried his burden to show the district court plainly conducted a § 4A1.3(a) departure as he argues.").

But even if Adleta were correct and the district court did grant a two-level section 5K1.1 motion, thereby cutting her sentencing range in half—from 720 months to 324–405 months—and then employed consecutive 324-month sentences in order to impose an appropriate sentence, she still cannot demonstrate plain error.

Adleta argues that the district court procedurally erred because it did not conceive of Adleta's sentence as a variance from the alleged post-departure range of 324–405 months. Adleta's brief at 13–14. As explained above, though, the district court did not depart down to 324–405 months; it departed down to 648 months. At a minimum, it is not *clear* that the court departed down to that

16

range and then varied upward, so Adleta has not demonstrated *plain* error. *See Dortch*, 696 F.3d at 1112; *Hernandez*, 435 F. App'x at 877.

But even aside from the ambiguity in the record that precludes plain-error relief, Adleta has not demonstrated that the district court's decision to impose consecutive sentences was plainly erroneous. The district court has broad authority in deciding whether to impose sentences concurrently or consecutively. *See* 18 U.S.C. § 3584(a). Section 3584, on which the district court repeatedly relied in evaluating whether to impose consecutive sentences, *see* Doc. 54 at 40–41, 51, 58, 59, states that, in deciding whether to run the terms concurrently or consecutively, "the court shall consider … the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3584(b). The district court did just that. Doc. 54 at 47–51.

Moreover, section 3584 grants the district court broad authority to impose consecutive sentences that exceed the guidelines range, which some courts treat as independent of a guidelines variance. *See United States v. Rutherford*, 599 F.3d 817, 821–22 (8th Cir. 2010); *see also United States v. Lone Fight*, 625 F.3d 523 (8th Cir. 2010) (affirming district court's imposition of three consecutive 77-month sentences, notwithstanding 77- to 96-month guidelines range, based on court's broad authority under section 3584). The district court did not plainly err.

17

In any event, the district court has the authority—even the duty—to vary upward or downward from a guidelines range if it determines that the factors in section 3553(a) call for it. *See Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 596–97 (2007). Because the district court's statutory authority under section 3584 and its discretion under the advisory guidelines both depend on its analysis of the section 3553(a) factors—which the court did here—it makes no difference whether the court used the term "variance."

The district court's authority is limited by any statutory maximum or minimum and the requirement of substantive reasonableness. Adleta's sentence is less than her 60-year statutory maximum, and she has not challenged its substantive reasonableness. *See* Adleta's brief at 16 n.6. So, even if the district court did vary upward, as Adleta asserts, she has not established any error, let alone plain error. *Cf. Rutherford*, 599 F.3d at 822 (upholding under section 3584 consecutive sentences that, together, exceeded guidelines range and, alternatively, upholding them "even if the consecutive sentence is characterized as an upward variance from the Guidelines").

Furthermore, Adleta's argument falters on the third prong of plain-error review as well because she cannot demonstrate prejudice to her substantial rights. This Court has explained that, "where the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to

18

speculate—the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met his burden of showing prejudice; he has not met his burden of showing that his substantial rights have been affected." *United States v. Rodriguez*, 398 F.3d 1291, 1302 (11th Cir. 2005).

Adleta cannot show a reasonable probability that the result would have been different if the district court had, in her words, "th[ought] it was imposing an upward variance." Adleta's brief at 14. Nothing in the record begins to suggest—let alone demonstrates—that the district court would have imposed a lesser sentence had it reconceived of its sentence as a downward departure followed by an upward variance, as Adleta suggests the court actually did here. To the contrary, everything in the record indicates that the court was imposing the sentence it imposed regardless. The court repeatedly made clear that it intended to impose and was imposing a 648-month sentence and that no lesser sentence would do. Doc. 54 at 51, 52, 59. It repeatedly explained why it was doing so, and it did so notwithstanding the United States' request for a sentence in the assertedly correct range. Doc. 54 at 47–51, 56–58, 59. (Even Adleta's father recognized the need for a sentence as substantial as the one that the court imposed; tragically, he wanted the court to impose an even higher

19

one. Doc. 54 at 31–34.) Adleta has not shown prejudice to her substantial rights.

In seeking a remand, Adleta states, "There is no indication in the record that the court intended to vary upward if the advisory range was properly calculated to be 324 to 405 months. The court never stated that it would impose the same sentence even if it erred in calculating a guideline range for each count, rather than a guideline range for the total punishment." Adleta's brief at 15–16. Her statement, however, ignores that she bears the burden of establishing prejudice; her reliance on a harmless-error opinion, *United States v. Barner*, 572 F.3d 1239, 1247–48 (11th Cir. 2009), rather than a plain-error one, does likewise.

In the end, Adleta merely asserts, in effect, that the district court misinterpreted the sentencing guidelines and we do not know what it would have done if it had not erred. "We don't know" is not enough. *Rodriguez*, 398 F.3d at 1301.[3]

---

[3]It also is not entirely true. Although the court did not explicitly state that it would have imposed the same sentence even if the post-departure range had been 324–405 months, it did state that consecutive 27-year sentences were "necessary in order to accomplish the objectives of sentencing and also to ensure that there's no disparity in sentencing in connection with the treatment of this type of offense," Doc. 54 at 51, and that consecutive 27-year sentences were "necessary in order to achieve a sentence that is sufficient, but not greater than necessary, to carry out the objectives of sentencing." Doc. 54 at 59.

Finally, this Court should decline to grant relief because the error that Adleta asserts does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Patterson*, 595 F.3d at 1326. Regardless of any ambiguity in how the district court structured the sentence it imposed for these "most horrific" crimes, it very clearly explained why it imposed that sentence. Had Adleta informed the district court that she thought it had miscalculated her guidelines range or that she thought it had erroneously (and inadvertently) varied upward from the guidelines range, the court could have addressed her concerns. (Indeed, Adleta acknowledges that the court could have done so. *See* Adleta's brief at 13–14.)

Furthermore, for the reasons mentioned above, there is no reasonable likelihood that the district court would impose a lesser sentence on remand. Ultimately, this would be precisely the sort of futile, wasteful remand that the plain-error rule is designed to avoid. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82, 124 S. Ct. 2333, 2340 (2004) (noting "the policies that underpin Rule 52(b) generally, to encourage timely objections and reduce wasteful reversals by demanding strenuous exertion to get relief for unpreserved error"). This Court should decline to exercise its discretion under the fourth prong of plain-error review.

21

In sum, because Adleta has not shown plain error warranting relief on her procedural-unreasonableness claim and has not challenged the substantive reasonableness of her sentence, this Court should affirm the district court's judgment.

One final point bears mentioning, even though it is not directly at issue in this appeal, because Adleta has brought it up. She suggests that she can save until later a challenge to the substantive reasonableness of her sentence because "the significant procedural error requires a remand." Adleta's brief at 16 n.6. She is incorrect, though, because by failing to assert that alleged error in her principal brief she has abandoned it. *See United States v. Levy*, 416 F.3d 1273 (11th Cir. 2005).

If Adleta thought that the district court had varied upward to 648 months and that the variance was unreasonable, she was obligated to make that argument in her principal brief. (And she presumably would have had to include in her brief a description of the crimes she committed.) Instead, she attempts to evade this Court's longstanding prudential rule by pointing out that this Court ordinarily does not address substantive reasonableness when it has already decided to vacate a sentence and remand on procedural-unreasonableness grounds. Adleta's brief at 16 n.6 (citing *United States v. Gupta*, 572 F.3d 878, 888 (11th Cir. 2009)). But this Court frequently declines to

22

address issues when other issues already compel reversal. That this Court need

not address a substantive-reasonableness issue if it is remanding for a

procedural correction does not mean that an appellant need not assert that

issue. To the contrary, "a convicted defendant is deemed to have waived his

right to raise on a second appeal from judgment and sentence an issue which

he has not raised in his first appeal." *United States v. Fiallo-Jacome*, 874 F.2d

1479, 1481–82 (11th Cir. 1989); *see also United States v. Twentieth Century Fox

Film Corp.*, 926 F.2d 227, 229 (2d Cir. 1991) ("The policy against piecemeal

appeals, normally invoked to assure that matters are not brought to an

appellate court in advance of a final judgment, also points toward a restriction

upon the ability of a litigant, properly appealing from a final judgment, to save

available issues for a subsequent appeal.").

## Conclusion

The United States requests that this Court affirm the judgment and sentence of the district court.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

MICHELLE THRESHER TAYLOR
Assistant United States Attorney
Appellate Division

By:    *s/ David P. Rhodes*
DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division
Florida Bar No. 438741
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
david.rhodes@usdoj.gov

24

## Certificate of Service

I certify that a copy of this brief and the notice of electronic filing was sent by CM/ECF on March, 24, 2014, to:

ROBERT GODFREY
Research and Writing Attorney
Federal Defender's Office

*Counsel for Sarah Adleta*

*s/ David P. Rhodes*
DAVID P. RHODES
Assistant United States Attorney

gkpr/no/03/19/14